**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SENORA SMITH**                                                                  **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:18-cv-142-CWR-LRA**

**WHATABURGER RESTAURANTS,**                                  **DEFENDANTS**
**LLC, et al.,**

## ORDER GRANTING MOTION TO REMAND

Plaintiff Senora Smith slipped and fell on a recently mopped area of the floor at a local Whataburger restaurant. Smith sued Whataburger Restaurants, LLC and the local store manager in the Circuit Court of Hinds County. Whataburger removed the case to this Court pursuant to diversity jurisdiction, claiming the manager, Tasha Owens, was improperly joined because she was not present at the restaurant when the fall occurred. Smith moved for remand. Smith alleged Owens was present when she fell and even if Owens was not present, she can be held liable under Mississippi law. Additionally, Whataburger moved for leave to file a surrebuttal challenging the second affidavit Smith produced during the briefing on the motion to remand.

There is no dispute that the jurisdictional amount has been satisfied. The question is whether Owens, an in-state defendant, was improperly joined to defeat diversity jurisdiction. She was not. Accordingly, the motion to remand is granted.

### I.   Legal Standard

The party alleging improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v.*

*Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). Whataburger does not dispute that Owens is a Mississippi resident, so only the second test is applicable here. *Id.*

In determining whether a party has been improperly joined, "the court determines whether [plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical." *Id.* at 648 (citation omitted) (emphasis in original). In making this determination, courts usually apply a 12(b)(6) standard "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) In rare circumstances, though, courts may "'pierce the pleadings' and consider summary-judgment-type evidence, such as affidavits and deposition testimony." *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (citation omitted). Courts must evaluate the factual allegations "in the light most favorable to the plaintiff" and resolve all ambiguities in state law in the plaintiff's favor. *Travis*, 326 F.3d at 649.

## II.  Discussion

First, Smith claims Owens was on-site at the time of her fall. Owens, however, submitted an affidavit stating otherwise. As such, Smith first argues that there is a factual dispute which requires this Court to remand. Second, Smith argues that regardless of the factual dispute, a non-present manager can still be liable for harm caused on the premises.

### A.  Factual Dispute

Smith submitted an affidavit with her motion to remand claiming it was her "impression" that Owens was at the Whataburger when she fell, but she never explicitly stated that she saw

Owens. Docket No. 5-1 ¶ 7. Owens responded and submitted her own affidavit, claiming she was not at the Whataburger at the time of Smith's fall. Docket No. 11-1. In her reply brief, Smith submitted a second affidavit stating that she did indeed see Owens at Whataburger at the time of her fall. *See* Docket No. 12-1 ¶ 4 ("[t]here was a manager on the property telling employees what to do before I fell. That person was Ms. Tasha Owens. I saw her . . . in the Whataburger when I was in the store."). Owens' proposed surrebutal claims that Smith's second affidavit is an attempt to manufacture a factual dispute. *See* Docket No. 13-1.

Owens is correct that "[t]he Fifth Circuit has long held that a nonmoving party may not manufacture a dispute of fact merely to defeat [summary proceedings] by offering affidavit testimony that contradicts, without explanation, his or her prior sworn testimony." *Dees v. Am. Med. Response, Inc.,* No. 3:08-cv-265-HTW-LRA, 2010 WL 606454, at *3 (S.D. Miss. Feb. 17, 2010) (citations omitted). This is often referred to as the "sham affidavit" doctrine, where courts do not consider affidavits produced in opposition to motions for summary judgment that contradict previous sworn testimony. *Id.* If, however, "an affidavit merely supplements rather than contradicts prior [sworn] testimony, the court may consider the affidavit when evaluating genuine issues[.]" *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996).

There is no doubt that Smith's second affidavit more explicitly states that Owens was at the restaurant, directing employees at the time of Smith's fall. But that is not a contradiction from the argument Smith makes in all of her pleadings. First, in the complaint, Smith asserts that Owens negligently directed the employee who cleaned the floor. *See* Docket No. 1-1 ¶ 17 ("[Owens] negligently directed the floor sweeper to clean up a spill and did not instruct the person to place a floor sign or dry the floor."). Second, Smith's motion to remand explicitly states that Smith "spoke to Defendant Owens" while she was at the restaurant. *See* Docket No. 5 ¶ 14. Finally, the first

affidavit claims that Owens was at the restaurant at the time of the fall, even though the language is not as direct as the second affidavit. *See* Docket No. 5-1 ¶ 6 ("Based on what I experienced Ms. Tasha Owens was at the Whataburger and claimed to be at the Whataburger at the time I fell.").

This is ultimately a dispute over poor wording, and not a contradictory affidavit for the purposes of creating a factual dispute.[1] Thus, the factual dispute is not solely created by the second affidavit, the factual dispute exists at the core of this case. Smith says Owens was at the restaurant; Owens says she was not. This is ultimately a credibility determination between the two parties.

The Fifth Circuit has "frequently cautioned the district courts against pre-trying a case to determine removal jurisdiction[.]" *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990). Courts should follow "a summary judgment-like procedure for disposing of [improper] joinder claims," *id.*, but this procedure does not include a determination of facts "affecting the ultimate issues of substantive liability." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 (5th Cir. 1981). "[A]ll disputed questions of fact" should be resolved in plaintiffs' favor. *Id.*

Thus, the Court must resolve, for these limited purposes, this factual dispute in Smith's favor.[2] The question becomes, assuming that Owens was at the location at the time of the fall, is there a reasonable possibility of Smith's recovery against Owens?

---

[1] Both parties have edited poorly-worded affidavits in response to arguments raised by her opponent. In Owens' initial affidavit that Whataburger attached to its notice of removal, Owens stated that she was not "on duty" at the time of the fall. Smith argued in her motion for remand that even though Owens might have not been "on duty," she was present at the restaurant. In response to this argument, Owens' second affidavit, which was attached to the response to the motion to remand, includes an additional paragraph that states Owens was "not on the premises" at the time of the fall. Docket No. 11-1 ¶ 4.

[2] The jury might come to the factual determination that Owens was indeed not at the facility at the time of the fall. This Court, however, may not conduct a "full dress trial on the merits" to resolve this factual dispute. *Keating v. Shell Chem. Co.*, 610 F.2d 328, 333 (5th Cir. 1980). It will be up to the state court to find "by summary judgment or otherwise" that Owens is not liable. *Id.*

### B.  Possibility of Recovery

> Mississippi law attaches liability to property managers and includes them within the class of a "person in charge" so long as there is a degree of involvement by the managing individual in the form of direct participation, consent, acquiescence, authorization, direction or at the least, a failure to prevent a tortious act that the manager knows or reasonably should know was occurring.

*Jones v. Westwick Apartments, LLC*, No. 3:11-cv-125-CWR-FKB, 2011 WL 8198563, at *3 (S.D. Miss. June 7, 2011) (citation omitted). Smith's complaint pleads a degree of involvement, as required for managerial liability, when it alleges that "[Owens] negligently directed the floor sweeper to clean up a spill and did not instruct the person to place a floor sign or dry the floor." Docket No. 1-1 ¶ 17.

Smith v. Petsmart is instructive on the possibility of Smith's recovery against Owens. 278 F. App'x 377 (5th Cir. 2008). In *Smith*, the plaintiff tripped over the prongs of a forklift left in an aisle. The Fifth Circuit ordered the case to be remanded, even though the non-diverse manager claimed she had no part in putting the forklift in the aisle or overseeing it. *Id*. at 381. The appellate court held that the manager had been on duty and in charge of the premises at the time of the fall and there was a factual determination to be made regarding her involvement. *Id*.; *see also Splain v. Kroger Ltd. P'ship, I*, No. 3:11-cv-711-HTW-LRA, 2012 WL 13075554, at *3 (S.D. Miss. May 15, 2012) (In *Smith v. Petsmart* "[t]he court determined that a material question of fact existed whether the store manager's responsibilities included overseeing" the alleged cause of plaintiff's injury).

Smith v. Petsmart instructs this Court that managers, like Owens, may be liable for slip and falls. Similarly, here, a factual determination must be made regarding Owens' involvement. For that reason, the state court is the proper venue to determine liability. "We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that

[s]he may do so." *Dodson v. Spiliada Mar. Corp.,* 951 F.2d 40, 42 (5th Cir. 1992) (citation omitted).

### III.   Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to remand [Docket No. 5] is **GRANTED**. Defendant's motion for leave to file a surreply [Docket No. 13] is **DENIED**.

The Clerk is directed to remand this case to the Circuit Court of Hinds County.

**SO ORDERED**, this the 4th day of December, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE